UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Peter O. Hughes, Esq.
Jocelyn A. Merced, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Peter.Hughes@ogletreedeakins.com
Jocelyn.Merced@Ogletreedeakins.com
*Attorneys for Defendant*
*Club Demonstration Services, Inc.*

| | |
|---|---|
| BRIAN L. TAYLOR, | *Civil Action* |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION** |
| CDS ADVANTAGE SOLUTIONS and MARC SULLIVAN, | **Document Filed Electronically** |
| Defendant(s). | |

TO: **CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Brian L. Taylor, *pro se*
120 Vassar Avenue, Apt. 3
Newark, New Jersey 07112

Michelle M. Smith, Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex
25 W. Market Street
6th Floor North Wing
Trenton, New Jersey 08611

Clerk, Superior Court of New Jersey
Law Division Essex County
Hall or Records, Room 201
465 Dr. Martin Luther King Blvd.
Newark, NJ 07102

## I. INTRODUCTION

Without waiving any defenses, Defendant Club Demonstration Services, Inc. (improperly identified in the Complaint as "CDS Advantage Solutions") (hereinafter referred to as "CDS") hereby removes this civil action, pending in the Superior Court of New Jersey, Essex County, entitled *Brian L. Taylor v. CDS Advantage Solutions and Mark Sullivan*, Docket No.: EXL-L-006989-19 (hereinafter referred to as the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff Brian L. Taylor (hereinafter referred to as "Plaintiff"), asserts claims for alleged violations of the federal Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*, (hereinafter "FMLA") and the Americans with Disabilities Act, 42 U.S.C. §12112 *et seq.* (hereinafter "ADA"). In support of removal, CDS states as follows:

1. This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. On or about September 6, 2019, Plaintiff filed the State Court Action. A copy the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice are attached hereto as **Exhibit A**.

3. CDS was served with the Summons and Complaint via certified mail on February 26, 2020[1].

---

[1] The Summons served on CDS is dated February 12, 2020.

2

4.  To date, Defendant Mark Sullivan has not been served with the Summons and Complaint in this matter.

5.  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after first service of the Summons and Complaint upon any defendant.

6.  As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are annexed hereto. *See* **Exhibit A**.

7.  As required by 28 U.S.C. § 1446(d), CDS will provide written notice of the filing of this Notice of Removal to Plaintiff, *pro se*, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Essex County. *See* Notice of Filing the Notice of Removal attached hereto as **Exhibit B.**

## II.   GROUNDS FOR REMVOAL

### A. Federal Question Jurisdiction Exists Because Plaintiff Asserts Claims for Relief Under the FMLA and ADA

8.  Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's asserts federal claims pursuant to the FMLA and the ADA.

9.  This Court has original subject matter jurisdiction over this entire action under 28 U.S.C. § 1441(b) and (c), which provide for removal of any civil action founded on a claim or right arising under the laws of the United States, and allow removal of an entire action even when removable claims are joined with non-removable claims.

10. By reason of the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. As an action of a civil nature

founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

11. To the extent that any claim at issue in this action is not governed by the FMLA and/or the ADA, this Court has supplemental jurisdiction over any otherwise non-removable claims or causes of action and may determine all issues therein.

**B.   All Other Prerequisites For Removal Have Been Met**

12. In addition to satisfying the requirements of federal question jurisdiction, CDS has satisfied all other requirements for removal.

13. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending.

14. Removal of this case to the United States District Court for the District of New Jersey does not constitute a waiver by CDS of its rights to seek dismissal of this lawsuit.

15. This Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because CDS has filed this Notice of Removal within thirty (30) days of service of the Summons and Complaint.

16. By removing this matter, CDS does not waive or intend to waive, any defenses it might have and reserves the right to assert all defenses herein unless previously waived.

**III.   CONCLUSION**

17. To date, CDS has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

18. CDS had not previously sought similar relief.

19. If any questions arise concerning the propriety of this removal, CDS requests that it be allowed to file a brief supporting removal and be heard in oral argument.

**WHEREFORE**, CDS respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Essex County, Law Division to the United States District Court for the District of New Jersey.

    Respectfully Submitted,

    **OGLETREE, DEAKINS, NASH,**
    **SMOAK & STEWART, P.C.**
    Attorneys for Defendant
    *Club Demonstration Services, Inc.*

By:   /s/ Jocelyn A. Merced
    Peter O. Hughes, Esq.
    Jocelyn A. Merce, Esq.
    10 Madison Avenue, Suite 400
    Morristown, New Jersey 07960
    Telephone: (973) 656-1600
    Facsimile: (973) 656-1611
    Peter.Hughes@ogletreedeakins.com
    Jocelyn.Merced@ogletreedeakins.com

Date: March 13, 2020

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jocelyn A. Merced, Esq., counsel for Defendant Club Demonstration Services, Inc. (improperly identified as "CDS Advantage Solutions"), certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

<table>
<tr><td>By:</td><td>/s/ Jocelyn A. Merced<br>Peter O. Hughes, Esq.<br>Jocelyn A. Merced, Esq.<br>10 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960<br>Telephone: (973) 656-1600<br>Facsimile: (973) 656-1611<br>Peter.Hughes@ogletreedeakins.com<br>Jocelyn.Merced@ogletreedeakins.com</td></tr>
</table>

Date:   March 13, 2020

42156410.1

# EXHIBIT A

# SUMMONS

Attorney(s) Brian L. Taylor (Pro-Se)
Office Address 120 Verona Avenue Apt #3
Town, State, Zip Code Newark, N.J. 07112

Telephone Number 862-340-9105
Attorney(s) for Plaintiff

Brian L. Taylor a.k.a
Brag Urbane
    Plaintiff(s)

vs.

Marc Sullivan (CEO/Advantage Solutions)
    Defendant(s)

**Superior Court of New Jersey**

Union County
Civil Division
Docket No: ESX L 006787 19

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M. Smith, Esq.
Clerk of Superior Court

_____
Clerk of the Superior Court

DATED: 2/12/20

Name of Defendant to Be Served: Marc Sullivan (CEO / Advantage Solutions)
Address of Defendant to Be Served: CEO (Advantage Solutions)
1055 Hudson St.
Union, NJ 07083

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

6/14/61

# Form A

**Plaintiff or Filing Attorney Information:**
Name Brian L. Taylor a.k.a. Bran Dobare
NJ Attorney ID Number _____
Address 120 Vassar Avenue Apt #3
Newark, New Jersey 07112
Telephone Number 862-740-9105

Brian L. Taylor a.k.a. Bran Dobare
Plaintiff,

v.

Marc Sullivan (CDS / Advantage Solutions)
Defendant(s).

Superior Court of New Jersey
Law Division Essex County
Civil Part
Docket No: L-6989-19
(to be filled in by the court)

Civil Action
**Complaint**

Plaintiff, Brian L. Taylor a.k.a. Bran Dobare residing at
(your name)
120 Vassar Avenue Apt #3 , City of Newark
(your address)                                          (your city or town)
County of Essex .
(your county)

State Of New Jersey, complaining of defendant, states as follows:

1. On April 12 , 20 19 , Marc Sullivan , Defendant
(name of person being sued)
(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)
(see attached)

_____
_____
_____
_____

The defendant in this action resides at 1055 Hudson Street Union NJ,
(defendant's address)
In the County of Union , State of New Jersey.
(name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

$15 million dollars.

# Form A

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

   1. Claimant received sustained and prolonged disparate treatment and harassment from Event Manager Marc Sullivan while working as a decorator employee at CDS/Advantage Solutions which ended with his Termination by said manager on 4/12/19.

   2. Claimant also charges that because of his Disability compounded by the above mentioned harassment and Termination - that he suffered a severe relapse of his

   3. Symptoms due to Personal Injury sustained at this job site as well as violation of ADA or American With Disabilities Act as well as a violation of the Family and Medical Leave Act for not offering the Claimant "Leave" over immediate Termination (see Attached for more

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: 8/16/19     Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: 8/16/19     Signature: _____

OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Dated: 8/16/19     Signature: _____

Form A (Additional Attached Information for CDS/Advantage Solutions)

As his shift was complete for the day at CDS/Advantage Solutions and he was on his way back to the office to clock out, when under duress he placed a phone-call to his other Store Manager (Shawndale Jackson) at Wilson's Leather Store (AM Retail) informing him that he was officially terminated from that job when his current, Event Manager (Marc Sullivan) saw him on the phone. He (Event Manager Sullivan then told him "What are you doing?" Taylor a.k.a. Dobane then said that "I just completed my shift." Event Manager Sullivan then said, "Did you punch out?" Taylor a.k.a. Dobane then said, "I'm on my way now." Event Manager Sullivan then said, "Get off of the phone!" Taylor a.k.a. Dobane then held his hand up because he was trying to hear Shawndale's complete reason for deciding to terminate him.

Taylor a.k.a. Dobane then hung up the phone and walked over to Event Manager Sullivan (to avoid creating a scene) and stated that "I cannot allow you to speak to me in such a demeaning tone, you don't know why I was on the phone." Event Manager Sullivan then said, "I can speak to you anyway I like." Taylor a.k.a. Dobane then said, "No you will not." Event Manager Sullivan then said, "Well, you're no longer working for the company then." Taylor a.k.a. Dobane then said "Fine." Taylor a.k.a. Dobane then proceeded to walk to the back office to punch out without protest (as all Store Cameras will show). Now, as Taylor a.k.a. Dobane was leaving the store (after having clocked-out) he saw Event Manager Sullivan again and asked him for a copy of the store handbook. Event Manager Sullivan then stated that, "Copies are not allowed to leave my office and that if you're going to read it, it must be done within my office." Taylor a.k.a. Dobane then said, "No thanks, I'll be in touch with Tom (the District Manager) and exited the building (as all Store Cameras will show).

As a result of the Termination, Claimant Taylor a.k.a. Dobane, who has a Disability suffered a severe relapse of his symptoms after the prolonged and much sustained desperate treatment by Event Manager Sullivan to which he also seeks Personal Injury (Mental) relief as well as relief from Event Manager Sullivan's violation of the ADA or American With Disabilities Act.

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Brian L. Taylor a.k.a. Braj Dabare | 862-340-9105 | Essex |
| FIRM NAME (if applicable) Dabane | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 120 Vassar Avenue Apt #3, Newark, New Jersey 07112 | | DOCUMENT TYPE Law Suit |
| | | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Marc Sullivan | Brian L. Taylor a.k.a. Braj Dabare v. CDS/Advantage Solutions; Marc Sullivan |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 005 & 618 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: Not currently although this may change because of other claims due to be filed and heard.

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☒ Yes ☐ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: [signature]

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS 8:30 AM - 4:30 PM

                        DATE:   SEPTEMBER 24, 2019
                        RE:     TAYLOR BRIAN VS SULLIVAN MARC
                        DOCKET: ESX L -006989 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

     DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS: HON BAHIR KAMIL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT: (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                        ATTENTION:
                                    BRIAN L. TAYLOR
                                    120 VASSAR AVE
                                    APT. 3
                                    NEWARK              NJ 07112


JUMXF8
```

# EXHIBIT B

Peter O. Hughes, Esq.
Jocelyn A. Merced, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Peter.Hughes@ogletreedeakins.com
Jocelyn.Merced@Ogletreedeakins.com
*Attorneys for Defendant*
*Club Demonstration Services, Inc.*

|  |  |
|---|---|
| BRIAN L. TAYLOR, | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION, ESSEX COUNTY |
| Plaintiff, | : |
|  | : Docket No.: ESX-L-006989-19 |
| v. | : |
|  | : **DEFENDANT CLUB DEMONSTRATION** |
| CDS ADVANTAGE SOLUTIONS and | : **SERVICES, INC.'S NOTICE OF FILING** |
| MARC SULLIVAN, | : **NOTICE OF REMOVAL** |
|  | : |
| Defendant(s). | : **Document Filed Electronically** |

Defendant Club Demonstration Services, Inc. (improperly identified as "CDS Advantage Solutions") gives notice that, by the filing of a Notice of Removal (a copy of which is attached hereto as Exhibit "A") in the United States District Court for the District of New Jersey, this case has been removed from this Court to said District Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

                            OGLETREE, DEAKINS, NASH,
                            SMOAK & STEWART, P.C.
                            *Attorneys for Defendant*
                            *Club Demonstration Services, Inc.*

Dated: March 13, 2020             By: *s/Jocelyn A. Merced*
                                                   Jocelyn A. Merced, Esq.

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action. On this date, I served a true copy of the attached:

**DEFENDANT CLUB DEMONSTRATION SERVICES, INC.'S
NOTICE OF FILING NOTICE OF REMOVAL**

on the party listed below, via FedEx overnight delivery to Plaintiff, *pro se* at his last known address as follows:

Brian L. Taylor, *pro se*
120 Vassar Avenue, Apt. 3
Newark, New Jersey 07112

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 13, 2020    *s/Jocelyn A. Merced*
                        Jocelyn A. Merced

42156793.1