**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN L. TAYLOR,

       *Plaintiff*,

v.

CDS ADVANTAGE SOLUTIONS and MARC SULLIVAN,

       *Defendants*.

Civil Action No. 20-2803

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently pending before the Court is Defendant Club Demonstration Services, Inc.'s (improperly named as "CDS Advantage Solutions") ("CDS") motion to stay pending appeal. D.E. 38. *Pro se* Plaintiff Brian L. Taylor filed a brief in opposition, D.E. 46, to which Defendant replied, D.E. 49. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).

    Plaintiff filed his Complaint in New Jersey state court on September 6, 2019. Plaintiff alleges that his termination from CDS caused a relapse in his undisclosed symptoms and that this amounts to a violation of the Family Medical Leave Act and the Americans with Disabilities Act. D.E. 1 at 10, 11. CDS removed the matter to this Court on March 13, 2020, D.E. 1, and filed an Answer, D.E. 5.[1] CDS subsequently filed a motion to compel arbitration, arguing that because Plaintiff never opted out of an arbitration program that CDS's parent company expanded to cover

---

[1] It does not appear that Plaintiff has served Defendant Marc Sullivan.

all employees, Plaintiff is required to arbitrate his claims. D.E. 15. On April 30, 2021, this Court denied Defendant's motion because there was a genuine dispute of material fact as to whether Plaintiff received the arbitration agreement and an opt-out policy in the first instance. D.E. 32, 33. CDS filed a notice of appeal on May 28, 2021, D.E. 36, and filed the instant motion on June 2, 2021, D.E. 38.

Ordinarily, a stay pending appeal "is not routinely granted." *HR Staffing Consultants, LLC v. Butts*, No. 15-3155, 2015 WL 3561618, at *2 (D.N.J. June 4, 2015). However, CDS's appeal involves the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Section 3 of the FAA provides that when a matter is referable to arbitration pursuant to an arbitration agreement, the trial court shall stay the trial until arbitration occurs.[2] 9 U.S.C. § 3. In light of "the FAA's strong policy favoring arbitration," a party should be afforded the opportunity "to obtain a definitive ruling on the denial of its Section 3 motion by way of interlocutory appeal . . . rather than requiring it to continue litigating the case to final judgment before obtaining a full round of appellate review." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 214-15 (3d Cir. 2007). As a result, provided that the appeal is not frivolous or forfeited, the trial court is automatically divested of jurisdiction until the appeal is fully litigated. *Id.* at 215 n.6; *see also Tae In Kim v. Dongbu Tour & Travel, Inc.*, 529 F. App'x 229, 232 (3d Cir. 2013) ("[O]rdinarily an appeal from an order denying a motion for

---

[2] Section 3 provides in full as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

arbitration divests a district court of jurisdiction over the action that the party seeks to have submitted to arbitration, and thus the appeal automatically stays proceedings in the district court").

Here, Defendant filed its appeal in this matter pursuant to 9 U.S.C. § 16(a) less than a month after this Court denied the motion to compel arbitration. D.E. 36. Accordingly, Defendant did not forfeit its right to appeal. Further, "[t]he standard for finding that an appeal under § 16(a) is frivolous is a high one." *Thompson v. Real Estate Mortg. Network*, No. 11-1494, 2019 WL 5079561, at *2 (D.N.J. Oct. 10, 2019). To constitute a frivolous appeal, it must be "wholly without merit" or "lack colorable support." *Id.* As discussed, this Court determined that there was a material issue of fact as to whether Plaintiff initially received the arbitration agreement and the opt-out policy from Defendant. Thus, the Court cannot conclude that Defendant's appeal is wholly without merit or lacking colorable support. Because Defendant's appeal is not frivolous or forfeited, this Court is automatically divested of jurisdiction pending appeal before the Third Circuit. Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 8th day of September 2021

**ORDERED** that Defendant Club Demonstration Services, Inc.'s motion to stay, D.E. 38, is **GRANTED**; and it is further

**ORDERED** that this matter is stayed until disposition of Defendant's appeal by the Third Circuit; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion & Order to Plaintiff via certified and regular mail.

John Michael Vazquez, U.S.D.J.