Peter O. Hughes, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS,**
**NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel:  973-656-1600
Fax:  973-656-1611
peter.hughes@ogletreedeakins.com
jocelyn.merced@ogletreedeakins.com
*Attorneys for Defendant*
*Club Demonstration Services, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>   Plaintiff,<br><br>v.<br><br>CDS ADVANTAGE SOLUTIONS, and MARC SULLIVAN,<br><br>   Defendants | Case No: 2:20-cv-02803-JMV-MAH<br><br>*Civil Action*<br><br>**CERTIFICATION OF**<br>**DIERRA ROMERO** |

  I, Dierra Romero, being of full age, hereby certify and state as follows:

  1. I am employed by Club Demonstration Services, Inc. is ("CDS") as Vice President, Human Resources. I submit this Certification in support of CDS's Renewed Motion to Compel Arbitration.  The statements set forth herein are based on my personal knowledge of the facts or my review of the documents attached hereto.

1

Case 2:20-cv-02803-BRM-MAH   Document 112-2   Filed 08/25/23   Page 2 of 11 PageID: 878

2. CDS is an in-house event marketing provider for Costco Wholesale Corporation that provides services worldwide. CDS is wholly-owned by Daymon Worldwide Inc. ("Daymon").

3. Plaintiff Brian Taylor ("Mr. Taylor") commenced his employment with CDS on or about May 24, 2012 as a part-time Sales Advisor.

4. I am knowledgeable about Daymon's arbitration opt-out program that was conducted in September 2018 ("Arbitration Program").

5. In September 2018, Daymon expanded its arbitration program to apply to all associates, including Mr. Taylor.

6. The arbitration program provided the associates with the option to participate in the program or opt out.

7. In connection with the arbitration program roll out, on or about September 14, 2018, CDS sent Mr. Taylor a package containing a copy of the Notice Regarding Arbitration Agreement Opt-Out Policy ("Opt Out Notice") (Exhibit A); the Mutual Agreement to Arbitrate Claims ("the Arbitration Agreement") (Exhibit B) and an Arbitration Agreement Opt-Out Form ("Opt-Out Form") (Exhibit C) via regular mail to his home address, 120 Vassar Avenue, Newark, NJ 07112. True and correct copies of the Arbitration Agreement, Opt-Out Notice and Opt-Out Form are attached hereto as Exhibits A-C.

8. Mr. Taylor was provided the option to opt out of entering into the Arbitration Agreement.

9. Mr. Taylor received instructions regarding opt out procedures and was notified that the opt out deadline was October 26, 2018.

10. Mr. Taylor never opted out of the Arbitration Agreement.

11. Mr. Taylor continued working for CDS until the termination of his employment on May 1, 2019.

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DocuSigned by:
*Dierra Romero*
_____
DIERRA ROMERO

Dated: August ___, 2023

# EXHIBIT A

PRST STD
US POSTAGE
**PAID**
IRVINE, CA
PERMIT NO.369

000021**********************MIXED AADC 901
BRIAN LAMONT TAYLOR
120 VASSAR AVENUE
NEWARK, NJ 07112-2209

Daymon
333 Ludlow Street · 4th Floor
Stamford, CT
06902



333 Ludlow Street · 4th Floor
Stamford, CT
06902

# NOTICE REGARDING ARBITRATION AGREEMENT OPT-OUT POLICY

Notice Regarding Arbitration Agreement:

Daymon Worldwide Inc. ("Daymon") periodically reviews and updates its employment policies. Arbitration agreements are common at many companies. Currently, Daymon has employment arbitration agreements with some, but not all of its associates. In an effort to be consistent across the organization, Daymon has elected to roll-out an arbitration agreement to all associates.

Please carefully review the Mutual Agreement to Arbitrate Claims included in this mailing. The Agreement is voluntary. However, current associates will **automatically** be deemed to have consented to the Agreement if they continue their employment beyond OCTOBER 26, 2018, unless they timely submit the enclosed "Arbitration Agreement Opt-Out Form" in the manner specified below. Therefore, it is important that you carefully read this notice and the enclosed documents.

What is the Agreement?

The Agreement provides that you and Daymon mutually agree to resolve specified disputes through arbitration, rather than in court. By agreeing to resolve disputes through arbitration, you and Daymon are giving up the right to a court or jury trial on claims covered by the Agreement.

Instructions for "Opting-Out" of the Agreement:

**If you do not want the Agreement to apply to you, then you must complete the enclosed Arbitration Agreement Opt-Out Form and send a signed copy via e-mail to arbitrationoptout@daymon.com pursuant to the instructions on the form no later than OCTOBER 26, 2018.**

If you do not e-mail or mail a completed Opt-Out Form by OCTOBER 26, 2018, and you continue to work for the company after that date, you will be required to resolve disputes that you may have with Daymon or any affiliate through arbitration (and vice versa), in accordance with the terms of the attached Agreement.

If you signed a previous arbitration agreement with Daymon or any affiliate, submitting the Opt-Out Form will not cancel the previous agreement (which in some cases may be the same form as the attached agreement) or affect your obligation, and Daymon's obligation, to arbitrate disputes pursuant to it.

Daymon will not retaliate against anyone who submits an Opt-Out Form. If, contrary to this assurance, you believe you are being retaliated against, please contact Access HR at AccessHR@daymon.com or at (800) 573-8861 immediately.

Questions:

If you have questions about the attached Agreement and/or the Opt-Out Form, you may contact HR at (800) 573-8861.

You may also discuss the decision of whether to accept the Agreement or submit an Opt-Out Form with private legal counsel if you wish to do so. (Please note that any resulting expense would be your responsibility and not subject to reimbursement by Daymon).

# EXHIBIT B

## Mutual Agreement to Arbitrate Claims

It is not uncommon for disputes to arise between an employer and an employee. Arbitration is a speedy, impartial and cost-effective way to resolve these disputes. For this reason, except as otherwise provided in this Mutual Agreement to Arbitrate Claims ("Agreement"), you and Daymon Worldwide Inc. (hereinafter, the "Company") agree to resolve in binding arbitration all claims or controversies ("Claims") that the Company may have against you, or that you (and no other party) may have against any of the following: (1) the Company, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parents, subsidiaries and affiliated entities (hereinafter, "Affiliated Entities"), (4) the Company's and its Affiliated Entities' benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and (5) all successors and assigns of any of them.

For purposes of this Agreement, Claims include, but are not limited to, all statutory, contractual and/or common law claims including, but not limited to, claims arising under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Equal Pay Act of 1963; the California Fair Employment and Housing Act; the California Labor Code; the Fair Labor Standards Act; the Americans with Disabilities Act; and other federal, state and local employment laws.

If you continue to work for the Company or any affiliate after October 26, 2018, you will be bound by this Agreement unless you timely execute and return the Arbitration Agreement Opt-Out Form provided to you with this Agreement. Under this Agreement, any Claims will be decided by an arbitrator rather than by a judge or jury. Both you and the Company may seek to enforce this Agreement.

The Federal Arbitration Agreement shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act is inapplicable, the arbitration law of the state in which you primarily work (or last worked) for the Company shall apply.

Claims Not Covered by this Agreement
This Agreement does not apply to:

- Workers' Compensation or Unemployment Insurance claims;
- Claims which under the law (after application of Federal Arbitration Act preemption principles) cannot be compelled to arbitration;
- Claims under an employee pension or benefit plan, the terms of which contain its own arbitration or claims review procedure;
- Claims covered by an applicable collective bargaining agreement;
- Claims of employees with written employment agreements that contain arbitration provisions covering the claim(s) asserted;
- Any claim involving your rights that currently is pending in litigation in any forum.

Further, this Agreement does not limit either party's right, where applicable, to file a claim with or participate in or recover through a proceeding of any federal, state, or local governmental agency, such as the California Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, or the National Labor Relations Board.

Arbitration Procedures
The party seeking arbitration must initiate arbitration proceedings by filing a written demand for arbitration with the alternative dispute resolution provider known as JAMS. The arbitration shall take place in the county (or comparable governmental unit) in which you primarily work (or last worked) for the Company (or any affiliate), and except as this Agreement provides otherwise, no dispute affecting your rights or responsibilities shall be adjudicated in any other venue or forum. The parties shall attempt to agree on an arbitrator. In the event no agreement can be reached, the arbitrator shall be appointed in accordance with the JAMS Employment Arbitration Rules ("JAMS Rules"), and no other set of JAMS rules, in effect at the time the Claim

is submitted. The arbitration will be administered by JAMS and conducted in accordance with the JAMS Rules in effect at the time the Claim is submitted. Those rules are available at http://www.jamsadr.com/rules-employment-arbitration/. The Company will provide you with a printed copy of the rules upon request. Notwithstanding any provision of the JAMS Rules, a court of competent jurisdiction (and not an arbitrator) will resolve any dispute as to whether this Agreement is void or voidable, in whole or in part. Where required by law, the Company shall pay all costs peculiar to the arbitration to the extent such costs would not otherwise be incurred in a court proceeding, and you shall not be required to pay any type or amount of expense if such requirement would invalidate this agreement or would otherwise be contrary to the law as it exists at the time of the arbitration. The parties shall be entitled to engage in discovery in accordance with the JAMS Rules. In all circumstances the arbitrator shall have the authority to order or permit such discovery, by way of deposition, interrogatory, document production or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issue in dispute, consistent with the expedited nature of arbitration.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable, including the law of prevailing-party attorney's fees) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.

Claims must be brought by either you or Company in your or its individual capacity, not as plaintiffs or class members in any purported class or collective proceeding, and the arbitrator shall not have the power to hear the arbitration or award relief as a class or collective action. Both you and Company waive the right to bring, maintain, participate in, or receive money from any class or collective proceeding.

Award
The decision of the arbitrator shall be final and binding upon the parties. The arbitrator will issue a written decision including the essential findings and conclusions on which the award is based. The arbitrator may award any form of remedy or relief that would be available if a court heard and decided the same Claim.

Consideration
Company and you promise to resolve Claims by arbitration as presented in this Agreement. These mutual promises are consideration for each other.

Termination, Modification and Revocation
This Agreement shall survive the employer-employee relationship between the parties and shall apply to any covered Claim whether or not it arises or is asserted during or after termination of employment.

Sole and Entire Agreement
This is the complete agreement of the parties on the subject of arbitration of covered Claims. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject; provided, however, that if this Agreement is held to be unenforceable in whole or in part, then any prior arbitration agreement you have entered into shall remain enforceable. It is agreed and understood that neither party is relying on any representation, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement. Each party understands and fully agrees to all of the foregoing.

Severability
If any part of this Agreement is found to be void or unenforceable, that part will be severed and eliminated, and the rest of this Agreement will remain in full force, so that the parties' mutual desire to create a binding agreement to arbitrate will be fulfilled.

# EXHIBIT C



333 Ludlow Street · 4th Floor
Stamford, CT
06902

# ARBITRATION AGREEMENT OPT-OUT FORM

**INSTRUCTIONS — PLEASE READ CAREFULLY:**

IF YOU WANT THE MUTUAL AGREEMENT TO ARBITRATE CLAIMS SENT WITH THIS FORM TO APPLY TO YOU, THEN YOU DO NOT NEED TO DO ANYTHING AND MAY DISREGARD THIS FORM.

IF YOU DO NOT WANT THE MUTUAL AGREEMENT TO ARBITRATE CLAIMS SENT WITH THIS FORM TO APPLY TO YOU, THEN YOU MUST COMPLETE THIS FORM AND RETURN IT BY ONE OF THE FOLLOWING METHODS NO LATER THAN 11:59 PM PACIFIC STANDARD TIME ON OCTOBER 26, 2018:
- EMAIL A SCANNED COPY TO arbitrationoptout@daymon.com.
- BY MAIL TO DAYMON ATTN: LEGAL DEPARTMENT 18100 VON KARMAN AVENUE, SUITE 1000, IRVINE, CA 92612

CURRENT ASSOCIATES WILL AUTOMATICALLY BE DEEMED TO HAVE CONSENTED TO THE AGREEMENT IF THEY CONTINUE TO WORK FOR THE COMPANY PAST OCTOBER 26, 2018, UNLESS THEY SUBMIT THIS FORM BEFORE THAT DATE. IF YOU NEED ASSISTANCE, PLEASE CONTACT YOUR HR REPRESENTATIVE, WHO CAN ASSIST YOU WITH SUBMITTING THIS FORM.

## OPT-OUT NOTIFICATION:

I have received a copy of the Mutual Agreement to Arbitrate Claims sent with this Opt-Out Form and choose not to enter into it. I understand that submitting this form will not cancel any arbitration agreement that I have previously signed with Daymon Worldwide Inc. or any affiliate, or affect my obligation to arbitrate disputes under the terms of any existing agreement.

Date: _____, 2018

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____