<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN L. TAYLOR,

        Plaintiff,

v.

CDS ADVANTAGE SOLUTIONS, *et al.*,

        Defendants.

Case No. 2:20-cv-02803 (BRM) (MAH)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is Plaintiff Brian Taylor's ("Taylor") Motion for Reconsideration (ECF No. 132) of the Court's March 9, 2024 Opinion and Order granting Defendant Club Demonstration Services, Inc.'s ("CDS"[1]) renewed Motion to Compel Arbitration and Dismiss Taylor's Complaint (ECF Nos. 130, 131). Having reviewed the submissions filed in connection with Taylor's Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Taylor's Motion for Reconsideration (ECF No. 132) is **DENIED**.

    **I.**    **BACKGROUND**

    The Court incorporates by reference the underlying facts laid out in the Court's March 9, 2024 Opinion. (ECF No. 130.) On March 9, 2024, the Court granted CDS's renewed Motion to Compel Arbitration and dismissed without prejudice Taylor's Complaint; the Court also denied as moot Taylor's Cross-Motion for Summary Judgment and Taylor's request for leave to amend his

---

[1] Counsel for CDS notes CDS was improperly named as "CDS Advantage Solutions" in the Complaint but is correctly identified as "Club Demonstration Services, Inc." (*See* ECF No. 1 at 2.)

Complaint. (ECF Nos. 130, 131.) On March 27, 2024, Taylor filed a Motion for Reconsideration of the Court's March 9, 2024 Opinion and Order. (ECF No. 132.)

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). However, "reconsideration is an extraordinary remedy[] that is granted 'very sparingly,' and only when "'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–01771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

### III. DECISION[2]

Taylor requests that this Court reconsider its decision in the March 9, 2024 Opinion and

---

[2] Under Local Civil Rule 7.1(i), motions for reconsideration are required to be filed within fourteen days after entry of the order or judgment. Taylor filed his motion on March 27, 2024, eighteen days after the Court's March 9, 2024 Opinion and Order. (ECF Nos. 130, 131, 132.) Taylor's Motion for Reconsideration is therefore untimely under Local Civil Rule 7.1(i), and Taylor has not set forth any facts justifying his delay in filing his Motion for Reconsideration. *See Gaines v.*

3

Order. (ECF No. 132.) Among other things, Taylor argues the Court overlooked factual allegations including his assertion that he never saw or read the arbitration agreement prior to the opt-out deadline, and therefore he could not have agreed to arbitrate. (*Id.* at 2–4.) Taylor also contends CDS engaged in "bad faith" by removing this action to this Court and then filing a Motion to Compel Arbitration and Dismiss the Complaint "months after." (*Id.* at 7.) Taylor further asserts his claims are outside the scope of the arbitration agreement. (*Id.* at 7–8.)

Here, the Court found that: (1) a valid and enforceable arbitration agreement exists between Taylor and CDS; (2) Taylor's claims in his Complaint fall within the scope of the arbitration agreement; and (3) CDS did not waive its right to arbitrate. (*See* ECF No. 130.) The Court also explained why Taylor's argument that he did not read or review the arbitration agreement before the opt-out date is not sufficient to show he did not assent to the agreement, particularly when he conceded he received the agreement, and indeed notified the Court of same. (*See* ECF Nos. 92, 126, 130.) A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352. Taylor has not shown an intervening change in the controlling law, new evidence that was unavailable when the Court made its decision on March 9, 2024, nor "the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Cafe*, 176 F.3d at 677. Accordingly, Taylor has not raised any issue the Court may have overlooked that would warrant reconsideration of its prior Opinion. "Mere

---

*Busnardo*, Civ. A. No. 13-06566, 2015 WL 5771233, at *6 (D.N.J. Sept. 30, 2015) (finding plaintiff's motion for reconsideration untimely). However, the Court acknowledges Taylor is a *pro se* plaintiff, and notwithstanding that his Motion for Reconsideration is untimely under Local Civil Rule 7.1(i), the Court addresses the substance of Taylor's Motion.

4

'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Therefore, Taylor's Motion for Reconsideration (ECF No. 132) is **DENIED**.

### IV.　CONCLUSION

For the reasons set forth above, Taylor's Motion for Reconsideration of the Court's March 9, 2024 Opinion and Order (ECF No. 132) is **DENIED**. An appropriate Order follows.

　　　　　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:　April 16, 2024